UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| THOMAS BAYNE, | ) | |
|---|---|---|
| Petitioner | ) | |
| v. | ) | 2:25-cv-00305-JAW |
| JACKSON COUNTY CORRECTIONS, | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Petitioner, who is in custody in Kansas City, Missouri, seeks habeas relief in accordance with 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a habeas petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . ."). A preliminary review of the petition, therefore, is appropriate.[1]

---

[1] Although Petitioner's claims are governed by § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases). Title 28 U.S.C. § 2243 also supports a preliminary review. Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue and order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

After review of the petition, I recommend the Court transfer the case to the Western District of Missouri.

## DISCUSSION

Petitioner alleges that in February 2025, he was arrested in Lisbon, Maine for alcohol intoxication and igniting fireworks. Petitioner denies the charges and asserts that he does not drink alcohol and has not shot fireworks in many years.

While in the Androscoggin County Jail, Petitioner was injured. Petitioner later left Maine to obtain medical treatment and employment outside the state. In April 2025, Petitioner was arrested by county law enforcement officers in Missouri. The arrest evidently occurred at least in part because of some confusion regarding the status of a warrant from Maine. Petitioner is currently in custody at the Kansas City Detention Center.

Under the general statute codifying the writ of habeas corpus, § 2241, "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. §2241(a)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. Because Petitioner is apparently not in custody pursuant to a Maine state court judgment, and because Petitioner seeks release from his current custody in Kansas City, Missouri, this Court does not have jurisdiction to consider Petitioner's request for habeas relief.

2

When a petitioner seeks habeas relief from the wrong federal district court, the court must dismiss the petition or, if it is in the interest of justice, transfer the case to any district or division where it could have been filed properly. 28 U.S.C. §§ 1406(a), 1404(a), 1631; *Ozturk v. Trump*, No. 25-CV-10695-DJC, 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025). Absent unusual circumstances, other courts in this circuit have generally transferred rather than dismissed such petitions. *See, e.g.*, *Tham v. Adducci*, 319 F. Supp. 3d 574, 578 (D. Mass. 2018) ("there is a rebuttable presumption in favor of transferring a case instead of dismissing it") (citing *Britell v. United States*, 318 F.3d 70, 73–74 (1st Cir. 2003)). Considering the law's preference for deciding cases on the merits, and because there is an identifiable court that likely would have jurisdiction to consider the petition, the interests of justice support a transfer in this case.

## CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court transfer the case to the Western District of Missouri.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of July, 2025.